MELLINGER, SANDERS & KARTZMAN, LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Tel. 973 267-0220
Steven P. Kartzman, Esq.
Adam G. Brief, Esq.
*Attorneys for Steven P. Kartzman,*
*as Chapter 7 Trustee*

United States District Court
For the District of New Jersey

| | |
|---|---|
| In Re:<br><br>ARTS DES PROVINCES<br>DE FRANCE, INC.,<br><br><br>Debtor. | Chapter 7<br>Case No. 11-29111 DHS<br>The Hon. Donald H. Steckroth |
| FIRST DATA SERVICES, LLC<br><br><br>Appellant,<br><br>v.<br><br>STEVEN P. KARTZMAN,<br><br><br>Appellee. | Civil Action<br>Civil Action No. 2:12-cv-06574<br>The Hon. Dennis M. Cavanaugh |

APPELLEE'S BRIEF IN
OPPOSITION TO THE APPELLANT'S APPEAL

*On the brief:*
    Steven P. Kartzman, Esq.
    Adam G. Brief, Esq.

# Table of Contents

| | Page |
|---|---|
| Statement of the Case............................... | 5 |
| Statement of Facts.................................. | 8 |
| Summary of the Argument............................. | 13 |
| Argument: Point I – FDS Waived Application of Section 362(e) ................................... | 14 |
| Point I(a)  FDS Waived Application of Section 362(e) by Simultaneously Cross Moving for Stay Relief and for the Allowance and Payment of an Administrative Expense.............................. | 15 |
| Point I(b)  FDS Waived Application of Section 362(e) by Engaging in Conduct that was Inconsistent with its Intent to Insist on its Rights Under the Statute.......................................... | 17 |
| Point II – The Court Made Adequate Findings in Order to Continue the Automatic Stay..................... | 22 |
| Point II(a)  The Court's Findings at the Final hearing were Adequate............................. | 22 |
| Point II(b)  FDS's Contentions that the Court did not Find that the Trustee had a Reasonably Likely Chance of Defeating FDS's Cross Motion for Stay Relief Lacks Merit................................. | 26 |
| Point II(c) Alternatively, the Court's Findings at the Preliminary Hearing were Adequate.............. | 28 |
| Point III – FDS's 'Policy' Argument Fails to Advance its Position..................................... | 31 |
| Conclusion......................................... | 33 |

### Table of Authorities

**Cases**

Page(s)

In re 2300 Xtra Wholesalers, Inc., 445 B.R.
113, 120 (S.D.N.Y. 2011)                                    15,18,21

In re Alderson, 144 B.R. 332 (Bankr. W.D. La.
1994)                                                            16

In re Butz, 444 B.R. 301, 305 (Bankr. M.D. Pa.
2011)                                                             9

In re Looney, 1823 F.2d 788, 792 (4th Cir.
1987)                                                            32

In re Marine Power & Equipment, 71 B.R. 925
(W.D. Wash. 1987)                                                25

In re McCormack, 203 B.R. 521 (Bankr. D. N.H.
1996)                                                             9

In re Rijos, 263 B.R. 382 (1st Cir. BAP 2001)                     9

In re SeSide Co., Ltd., 155 B.R. 112 (E.D. Pa.
1993)                                                      15,19,20,21

In re Small, 38 B.R. 143, 147 (Bankr. D. Md.
1984)                                                          16,20

In re Timbers of Inwood Forest Assoc., Ltd.,
793 F.2d 1380, 1415 n.63 (5th Cir. 1986)                       23,24

In re Wedgewood Realty Group, Ltd., 878 F.2d
693, 698 (3d Cir. 1989)                                15,17,20,21,30,31

In re Wingard, 382 B.R. 892 (Bankr. W.D Pa.
2008)                                                             9

**Statutes**

|  | Page(s) |
|---|---|
| 11 U.S.C. § 362(e)(1) | 22,23,28 |
| 11 U.S.C. § 362(g) | 24 |
| 11 U.S.C. § 553(a) | 25 |

**Other Authorities**

|  | Page(s) |
|---|---|
| Norton, § 36:51. | 24 |
| Federal Rules of Bankruptcy Procedure, Rule 7001(1) | 9 |
| D.N.J. LBR 4001-1(e) | 18,21 |

## Statement of the Case[1]

The philosopher Phaedrus famously said "[t]hings are not always what they seem; the first appearance deceives many; the intelligence of a few perceives what has been carefully hidden." This appeal exemplifies the notion that Phaedrus describes.  On its face, FDS wants this Court to believe that the appeal is only about application of the requirements of Bankruptcy Code Section 362(e).  FDS attempts to achieve this result by relying upon a selective and self-serving version of the facts, and by ignoring a host of relevant case law.  However, what this appeal really is about is FDS's attempt to avoid consideration of the merits of the Trustee's Turnover Motion (R. 8) and its' Cross Motion (R. 9) by the Bankruptcy Court.  Further, FDS is desirous of avoiding discussion of its admitted unauthorized post-petition application of the Reserve in the approximate amount of $106,000.  In short, by this appeal, FDS attempts to put the proverbial cart before the horse by demanding relief from the automatic stay on a hyper-technical basis without first demonstrating that it is even entitled to relief from the stay without regard to the procedural issue raised, as it is required to do under Bankruptcy Code Section 362(g), and without considering its own conduct in this proceeding.

---

[1] Capitalized terms are in the Statement of Facts.

FDS's appeal must be denied not only because of its myopic orientation, but specifically (i) because the Bankruptcy Court made sufficient findings to continue the automatic stay under Bankruptcy Code Section 362(e), regardless of whether the Hearing was "preliminary" or "final;" and (ii) because FDS waived any right to seek application of Section 362(e) by seeking additional relief in its Cross Motion, and by failing to assert any rights under Section 362(e) during the nine (9) month period after it filed the Cross Motion.

The Trustee's Turnover Motion and FDS's Cross Motion are intertwined legally and factually. For example, as a threshold issue before the question of stay relief can be addressed on the merits, and whether FDS has demonstrated an entitlement to relief, the Bankruptcy Court must first determine whether application of the Reserve is in the nature of a set-off or recoupment. Because the automatic stay applies to the former and not the letter, that question is a predicate to the stay relief issue. Additionally, if set-off is the appropriate remedy on the facts of this case, the Court must also make a determination as to what extent the Reserve may be set-off. It is not an all or nothing issue and naturally turns on the facts found. At the Hearing on the Turnover Motion and Cross Motion, the Court heard extensive arguments on these issues, and agreed

with the Trustee that discovery was required before any determination could be made.  Finding that FDS was adequately protected; that discovery was required; and that FDS's explanation for its unauthorized post-petition application of the Reserve likely would be rejected, the Court continued the Hearing for an initial period of 60 days.

Following the Hearing, FDS participated fully in discovery over a period of several months.  It was only when the Trustee sought an adjournment of the combined evidentiary hearing on the Turnover Motion and Cross Motion in July 2012 – some nine (9) months after FDS filed its Cross Motion – that FDS asserted for the first time any rights under Section 362(e).[2]  (R. 24 & R. 28).  On these facts, applicable case law dictates that FDS waived its Section 362(e) rights, and cannot on appeal insist on the strict mandates of the statute.

For these reasons, and for the reasons stated more fully herein, FDS's appeal lacks merit and should be denied in its entirety.

---

[2]  As is reflected in the adjournment request made by the Trustee by letter of July 6, 2012, the delay was caused by FDS's refusal to produce witnesses for deposition as requested in the Trustee's Local Civil Rule 37.1 letter which was issued on June 12th.  (R. 24 at Ex. 1).  Had FDS produced these witnesses, the Trustee could have met the July 18th date.  Thus, the need to complete depositions prior to the evidentiary hearing was the event triggering the adjournment request.  (R. 24 at Ex. 10)

## Statement of Facts

On June 23, 2011 (the "Petition Date"), Arts des Provinces de France, Inc., trading as Pierre Deux (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (R. 1 at Docket Entry No. 1).  Thereafter, Steven P. Kartzman was appointed Chapter 7 Trustee with the duties under Section 704 of the Bankruptcy Code. (Id. at Docket Entry No. 3). Prior to filing for bankruptcy, the Debtor operated a  chain of retail home furnishing stores.

In the ordinary course of its business, the Debtor entered into three credit card processing agreements called "Merchant Agreements" with FDS's predecessor.  (R.9 at pg. 8).  Pursuant to the Merchant Agreements, FDS funded a reserve (the "Reserve") with funds owned by the Debtor to protect itself primarily against customer chargebacks.  In 2003, the Reserve was initially funded in the amount of $100,500.  Then between the period of October 21, 2010 and April 22, 2011, the Reserve was funded in an additional amount of $311,655.35.  Following the return of $11,586.36 in May 2011 to the Debtor, the net increase in the reserve in 2011 was $300,068.99.  (R. 18, at ¶ 1 & 4 of Certification of Kenneth DeGraw, CPA).  Thus, as of the Petition Date, FDS held a reserve in the approximate amount of $400,000.

Following the Petition Date, and without obtaining relief from the automatic stay, FDS admittedly applied $106,822 of the Reserve against post-petition chargebacks.[3] (R. 9 at pg. 11 & R. 21 at Pg. 51-52).

On September 27, 2011, the Trustee filed a Motion for Turnover of Property of the Estate Pursuant to Bankruptcy Code Section 542(a) (the "Turnover Motion") seeking turnover of the Reserve.[4] (R. 8). In response, on October 11, 2011, FDS filed its (I) Objection to Trustee's [Turnover Motion] and (II) Cross Motion for (A) Modification of the Automatic Stay to Apply Reserve and (B) Allowance and Payment of Administrative Expense (the "Cross Motion"). (R.9).

---

[3] While FDS contends that it lacked knowledge of the bankruptcy at the time of the post-petition application, FDS contends that FDS's computer system effectuated the off-set automatically and that it took time for FDS employees to reprogram the system to acknowledge the bankruptcy filing. FDS's reliance on the "computer did it" defense to the apparent stay violation is a non-starter. See In re Butz, 444 B.R. 301, 305 (Bankr. M.D. Pa. 2011) ("sophisticated commercial enterprises have a clear obligation to adjust their programming and procedures and their instruction to employees to handle complex matters" and stay violation not excused because of computer system); see also In re Wingard, 382 B.R. 892 (Bankr. W.D Pa. 2008) (rejecting computer did it defense to stay violation); In re Rijos, 263 B.R. 382 (1st Cir. BAP 2001) (same); In re McCormack, 203 B.R. 521 (Bankr. D. N.H. 1996) (same).

[4] At the March 27, 2012 hearing, the Court rejected FDS's argument that the Motion was improperly filed in violation of Bankruptcy Rule 7001(1). See R. 21 at pg. 28.

After a series of consensual adjournments of the hearing on the Turnover Motion and Cross Motion, a hearing was conducted on March 27, 2012 (the "Hearing").  Notably, this was the only hearing conducted on either the Turnover Motion or Cross Motion.

At the Hearing, both the Trustee and FDS proffered extensive argument regarding the Turnover Motion and FDS's request for relief from the automatic stay.[5]  (R. 21). As to the Turnover Motion, the crux of the argument lay in whether application of the Reserve was in the nature of a setoff or recoupment. The import of the characterization is that the automatic stay applies to setoff, but not to recoupment. Factually then, consideration of the automatic stay before determination of whether setoff or recoupment is at issue is premature, and Judge Steckroth recognized this point. Despite FDS's contentions to the contrary, Judge Steckroth did make findings of fact at the Hearing.  For example, when discussing FDS's contention that the stay did not apply because the Debtor agreed to be bound by the Merchant Agreements, the Court found that:

---

[5]  While FDS contends in its brief that the Trustee was not prepared to offer evidence at the March 2012 return date of the Turnover Motion and Cross Motion, that contention is disingenuous as D.N.J. LBR 9013-1(i) precludes the taking of evidence on the return date of a motion, unless the Court directs otherwise prior to the hearing.  There was no advance directive from the Court in this case.

> [i]t may be their problem.  I mean, you know,
> accepting as true, although the third party
> agreements between your client and others,
> how does that justify a violation of the stay
> or how does that justify or talk to the
> question of property of the estate?  I'm a
> bit at a loss about that.  I'll accept your
> client's view, but I have difficulty with
> their concern and we have this other agreement.
> Well, you know, you and the other guy may have
> a problem then.  But what does that have to do
> with my case?

R. 21 at pg. 40, Lines 15 - 23.[6]  Further, when continuing the

Hearing, Judge Steckroth found that:

> You're entitled, I believe, to answers to some
> of your questions but let's not bark up trees
> and the creditor has the funds so I think
> you're adequately protected to that extent.
> The money is in your account.  So I'm going
> to give you a date right now for the
> continuation of the motion.  It's May 22.

R. 21, at pg. 68, Lines 13 - 18.  The Court also granted the

Trustee's request for time to conduct discovery, and continued

the Hearing to May 22, 2012 because of the numerous unresolved

factual issues related to the characterization issue and whether

FDS had satisfied its burden under Bankruptcy Code Section

362(g) to prove an entitlement to stay relief.

---

[6] FDS relies upon the mistaken assumption that the automatic stay
does not apply to it because of the series of agreements that
governs its relationship with the Debtor and third parties.
However, that is a fallacy as "it is artificial to speak of a
'bargain' in bankruptcy, when the law has intervened to change
the contract made between debtor and creditor in many ways."
See In re Timbers of Inwood Forest Assoc., Ltd., 793 F.2d 1380,
1415 n.63 (5th Cir. 1986).

On April 16, 2012, the Court conducted a telephonic status conference to obtain an update on how discovery had progressed, and to discuss an alternate date for the continued hearing. In accordance with the Court's instructions, on May 16, 2012, the parties submitted an agreed upon status report as to progress with completion of discovery and requested a hearing date during the week of June 18, 2012. (R. 22). On May 22, 2012, the Court scheduled the hearing for July 18, 2012.  That status report also confirmed the Court's instructions that if an issue as to discovery or scheduling arose that could not be mutually resolved, counsel would notify the Court immediately.

On July 6, 2012, following a dispute over depositions of FDS employees generated by the Trustee's June 12, 2012 Local Civil Rule 37.1 letter, the Trustee submitted a written request to adjourn the July 18, 2012 hearing date. (R. 28). FDS filed opposition, and for the first time – some nine (9) months after it filed its Cross Motion – made reference to the timing set forth in Section 362(e). (R. 24). The Court conducted a telephonic conference on July 12, 2012 to consider the Trustee's adjournment request, and at that time, adjourned the Hearing to September 20, 2012. The Court also directed submission of a formal order, which was to include a provision continuing the automatic stay to the hearing date.  While FDS contends in its

Opening Brief that the July 12, 2012 telephonic conference was a hearing, it was not.  There is no entry on the docket referencing that a hearing was scheduled for or occurred on that date, and the conference was not conducted on the record.

Following the July 12, 2012 status conference, the Trustee submitted a proposed *Order Scheduling Evidentiary Hearing and Granting Related Relief* (the "Order"), which was entered by the Court on August 20, 2012. (R. 25). The Order scheduled a consolidated evidentiary hearing on the Turnover Motion and Cross Motion for September 20, 2012, and at paragraph 3 provided that "pursuant to Bankruptcy Code Section 362(e)(1), the automatic stay as to First Data Services shall remain in full force and effect pending the Court's determination of First Data Service's Cross Motion at Docket Entry No. 160." Id. While FDS agreed to paragraphs 1 and 2 of the Order, FDS did not consent to the language of paragraph 3.  This appeal followed.

## Summary of the Argument

FDS argues that the Bankruptcy Court's Order should be reversed because that Court failed to comply with the requirements of Section 362(e) by not making findings to continue the automatic stay.  In support of its position, FDS ignores the record and points to nothing other than its subjective dissatisfaction with the formality and extent of

findings as grounds for appeal. Moreover, FDS's so-called policy argument in Section C of its Opening Brief urging blind application of Section 362(e) falls flat as FDS fails to take into account that the Third Circuit has embraced the doctrine of implied waiver, and that the facts in this case overwhelmingly militate in favor of waiver.

On the other hand, the Trustee demonstrates that the Bankruptcy Court did exactly what it was supposed to do under the circumstances, and its decision should not be disturbed on appeal.  The Bankruptcy Court's findings are consistent with the applicable standards under Section 362(e), regardless of whether the Hearing was preliminary or final.  Moreover, in presenting the complete version of the facts to the Court, the Trustee highlights the conclusion that FDS has waived the right to enforce Section 362(e).  As such, there is no basis in law or fact to reverse the Bankruptcy Court.

**ARGUMENT**

**POINT I**

**<u>FDS WAIVED APPLICATION OF SECTION 362(e)</u>**

FDS waived application of Section 362(e) by (i) simultaneously cross moving for stay relief and for the allowance and payment of an administrative expense; and (ii) by

14

engaging in conduct for nine months that was inconsistent with its intent to enforce its rights under Section 362(e).

   a.   ***FDS WAIVED APPLICATION OF SECTION 362(e) BY SIMULTANEOUSLY CROSS MOVING FOR STAY RELIEF AND FOR THE ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE EXPENSE***

   FDS waived application of Section 362(e) by simultaneously cross moving for stay relief and for the allowance and payment of an administrative expense.

   The timing set forth in Section 362(e) is not absolute. Indeed, there are various ways in which a movant, such as FDS, can waive the timing requirements under Section 362(e). See e.g., In re Wedgewood Realty Group, Ltd., 878 F.2d 693, 698 (3d Cir. 1989) (collecting cases on implied waiver under Section 362(e), and expressly recognizing that a movant may waive time constraints by taking actions inconsistent with the statutory timeframe); see also In re 2300 Xtra Wholesalers, Inc., 445 B.R. 113, 120 (S.D.N.Y. 2011) ("court's have often found implied waiver by a party that belatedly asserts that a bankruptcy court failed to *sua sponte* lift a stay pursuant to section 362(e)"); see also In re SeSide Co., Ltd., 155 B.R. 112 (E.D. Pa. 1993) (failure to assert rights under Section 362(e) constitutes waiver). For example, a movant can consent to a hearing date beyond the 30 day period, or engage in briefing or discovery beyond the 30 day period. Also, as in this case, a movant can

waive application of the timing set forth in Section 362(e) by accompanying a request for stay relief with a request for additional or alternative relief.

In In re Small, 38 B.R. 143, 147 (Bankr. D. Md. 1984), a case cited with approval in In re Wedgewood, the Bankruptcy Court concluded that the movant seeking relief from the automatic stay waived the 30 day hearing requirement by "combining the alternative requests for relief in a single motion…" Id. at 147. In addition to seeking stay relief, in the same motion the movant requested adequate protection and the fixing of a date by which the debtors had to assume or reject a lease. Id.

Likewise, more than a decade later in In re Alderson, 144 B.R. 332 (Bankr. W.D. La. 1994), the Court similarly concluded that a request for relief in addition to modification of the automatic stay constitutes a waiver of the "benefits" of Section 362(e). Id. at 338. In that case, the movant sought stay relief, as well as entry of an order compelling abandonment of certain property of the estate under Bankruptcy Code Section 554.

Application of In re Small and In re Alderson point to the conclusion that FDS waived its right to insist upon the timing set forth under Section 362(e). In its Cross Motion, FDS sought