stay relief, as well as the allowance and payment of an administrative expense pursuant to Bankruptcy Code Section 503. (R. 9).  Notably, FDS suppressed that fact in its Opening Brief. That aside, because FDS sought additional relief that requires it to make an affirmative showing separate and apart from its entitlement to stay relief, and because there is no automatic entitlement to an administrative expense, FDS waived the right to a determination in accordance with Section 362(e).  As such, FDS's appeal should be denied.

         **b.**    ***FDS WAIVED APPLICATION OF SECTION 362(e) BY ENGAGING IN CONDUCT THAT WAS INCONSISTENT WITH ITS INTENT TO INSIST <u>ON ITS RIGHTS UNDER THE STATUTE</u>***

In addition to and notwithstanding the above, FDS waived application of Section 362(e) by failing to raise the issue at any time during the nine month period after it filed its Cross Motion.  Up until July 9, 2012, FDS's conduct was "clearly inconsistent with an intention on [its] part to insist on [its] rights under section 362(e) and Bankruptcy Rule 4001(a)(2), thereby impliedly waiving those rights."  <u>In re Wedgewood</u>, 878 F.2d at 699.  Moreover, given that the adjournments requested and granted prior to this point were consensual, D.N.J. LBR

4001-1(e) provides that entry of a Court order continuing the stay was not required.[7]

   In re 2300 Xtra Wholesalers is instructive on this point. In that case, the District Court affirmed the bankruptcy court's denial of stay relief and concluded that the movant waived application of Section 362(e) by failing to assert the issue until after the 30 day period expired. See In re 2300 Xtra Wholesalers, 445 B.R. at 121. The movant there filed a motion for stay relief on June 10, 2010. Preliminary hearings were held on various dates in June and July 2010, at which time the court did not state that the stay was to remain in effect. In August 2010, the bankruptcy court denied the motion for relief from the stay in both oral and written decisions.

   On appeal, the Court began its discussion of the waiver issue with citation to a host of cases for the proposition that a movant can impliedly waive its rights under Section 362(e) by, among other things, failing to assert an entitlement to the timing set forth in Section 362(e), or by participating in discovery or briefing beyond the 30 day period. See In re 2300 Extra, 4445 B.R. at 120 (citations omitted). In finding a

_____

[7] D.N.J. LBR 4001-1(e) states that "[F]ailure to oppose a request for adjournment of a hearing on a motion for relief from the automatic stay shall be deemed to be consent to continuation of the automatic stay until the new hearing date without a Court order under section 362(e) of the Code."

waiver, the Court noted that although the movant submitted four briefs in connection with its motion, it failed to reference Section 362(e) until its final submission, which was after the 30 day period had expired.  Thus, the Court reasoned that by not invoking the statutory right sooner, and by otherwise continuing to litigate the matter after the 30 day deadline passed, the movant waived its protection under the statute.  Id. at 121.

In re SeSide Co., Ltd., 155 B.R. 112 (E.D. Pa. 1993) is also instructive on this point, and supports the conclusion that FDS waived application of Section 362(e).  In that case, the creditor filed its motion for stay relief on November 9, 1992. A hearing was held on December 8, 1992, within 30 days.  At the conclusion of the hearing, the court set a briefing scheduling to which neither party objected, even though the schedule extended roughly 50 days after the stay relief motion was filed. Following the hearing, the court did not issue an order continuing the stay.  Ultimately the court denied the motion for relief, and the creditor appealed.

On appeal, the District Court concluded that the creditor waived application of Section 362(e) by agreeing to the extended briefing schedule, even though the stay would have terminated automatically.  Citing the Third Circuit's decision in In re Wedgewood, supra, the Court held that "implied waiver may be

found where a creditor's actions are clearly inconsistent with an intention to insist on its rights." In re SeSide Co., 155 B.R. at 116. Factually, the District Court pointed to the creditor's failure to object to the extended briefing schedule, and its failure to "insist that the court enter either a final order or an order continuing the stay pending conclusion of a final hearing…" Id. Because the extended briefing schedule prevented the bankruptcy court from ruling within 30 days, the creditor waived the timeliness provisions of Section 362(e) and could not assert on appeal that the stay lapsed. Id. at 117 and n3 (by agreeing to the briefing schedule,…the creditor "thereby waived the requirement that the court enter an order specifically continuing the stay pending the continuation of the hearing.").

Indeed, the same concept was recognized by the Third Circuit in In re Wedgewood, supra. There the Court noted with approval as one of several cases involving an implied waiver, In re Small, supra, for the proposition that there would be an implied waiver where a creditor's discovery request called for a response beyond the 30 day time period.

The same conclusion should apply in this case. FDS filed its Cross Motion in October 2011. After a series of consensual adjournments, the Hearing was conducted on March 27, 2012.

Thereafter, two telephonic status conferences were held.  It was not until July 9 2012, and only in response to the Trustee's adjournment request of the hearing date, that FDS referenced Section 362(e) for the first time. (R. 24).  Thus, during the nine months since filing the Cross Motion, and at no time in its Cross Motion; in its Sur Reply; or at the hearing on March 27, 2012 did FDS assert its rights under Section 362(e).  (R. 9, 19 & 21).  Moreover, between the March 2012 hearing date and July 2012, and after the 30 day period passed, FDS willingly engaged in discovery without objection or a reservation of rights by propounding requests to the Trustee and by answering interrogatories and producing documents in response to the Trustee's demands. (R. 23 [Agreed Upon Protective Order]; see also Wedgewood, 879 F.2d at 698-699 and cases cited therein.  As with the movants in 2300 Xtra and In re SeSide, FDS's actions in this matter clearly were inconsistent with its intent to insist on application of Section 362(e).

D.N.J. LBR 4001-1(e) reflects this same concept.  The rule provides that a failure to oppose a request for the adjournment of a motion for relief constitutes consent for continuation of the automatic stay until a new hearing date, without the necessity of entry of a Court order.

21

That FDS requested that the Bankruptcy Court rule on its Cross Motion during the March 2012 Hearing does not alter this conclusion, as its conduct at and after that date belies any contention set forth by FDS on appeal.  At the Hearing, the only reason advanced by FDS for seeking a decision on the Cross Motion at that time was its concern for continued legal fees. (R. 21 at pg. 60-61). It had nothing to do with the timing paradigm set forth in Section 362(e).  As such, FDS impliedly waived application of Section 362(e).  In fact, according to In re SeSide, by its conduct FDS also waived the requirement that the Bankruptcy Court enter an order continuing the stay pending the continued hearing date.  For these reasons, FDS's appeal should be denied.

## POINT II

### THE COURT MADE ADEQUATE FINDINGS IN ORDER TO CONTINUE THE AUTOMATIC STAY

At the Hearing, the Court made adequate findings in order to continue the automatic stay under Section 362(e).

### a.   *THE COURT'S FINDINGS AT THE FINAL HEARING WERE ADEQUATE*

If the Hearing was a "final hearing" for purposes of Section 362(e), as suggested by FDS in its brief, the Court was required to find that there was a reasonable likelihood that the Trustee would prevail against the Cross Motion for stay relief

in order to continue the automatic stay. See 11 U.S.C. §
362(e)(1).  That much is certain.  What is less certain,
however, is the manner in which the Court's findings must be
made.

Section 362(e) does not require any particular formality
with respect to the findings, nor does it address the extent of
findings required.  Rather, all that is required is that a court
make a finding to justify extending the stay, whether under the
reasonable likelihood or compelling circumstance standard.
There is no requirement that a court set forth such findings in
an order or issue written findings of fact, and FDS has not
pointed to any authority to the contrary.  A court may issue
findings from the bench, and those finding may be as brief or
extensive as a court deems necessary under the circumstances.

While there is a dearth of case law describing what
constitutes sufficient findings under Section 362(e), the
legislative history provides a modicum of guidance.  To wit,

> [t]he action commenced by the party seeking
> relief from the stay is referred to as a
> motion to make it clear that at the expedited
> hearing under subsection (e), and at hearings
> on relief from the stay, the only issue will
> be the lack of adequate protection, the
> debtor's equity in the property, and the
> necessity of the property to an effective
> reorganization of the debtor, or the existence
> of other cause for relief from the stay…

See e.g., In re Timbers of Inwood Forest, 793 F.2d at 1406
(citations omitted). Furthermore, as to the nature of the
findings, the oft cited bankruptcy treatise Norton's explains
that

> [n]otwithstanding the requirement under
> Section 362(e) for the court to make this
> finding at the preliminary hearing, many
> courts make this determination very liberally
> and will pass the matter to a final hearing
> if there are issues in dispute that need
> presentation of proof.  This liberal
> construction is generally necessary in order
> for the courts to handle the large volume of
> relief from stay motions.

See Norton, § 36:51.  Thus, the form and extent of findings
under Section 362(e) plainly rest within a Court's discretion.

In this case, the Court made sufficient findings at the
Hearing to continue the stay.  As set forth in detail in the
Statement of Facts, *supra*, not only did the Court express
serious doubt as to FDS's justification for its apparent stay
violation (R. 21 at pg. 40), but also concluded that FDS was
adequately protected because it held the Reserve in its own bank
account. (R. 21 at pg. 68).  That finding is consistent with the
legislative history of Section 362(e), which indicates that the
issue of adequate protection is one of the only issues to be
considered on a motion for stay relief.

The burden of proof to show a lack of equity rests on FDS
under Section 362(g)(1).  Until resolution of the issue as to

whether FDS is entitled to set off the Reserve, and if so, to what extent, the extent of the Debtor's equity in the Reserve is not capable of determination.  That is, FDS had to first establish the extent of a claim against the Debtor pursuant to Bankruptcy Code Section 553(a).  As expressed in <u>In re Marine Power & Equipment</u>, 71 B.R. 925, 928 (W.D. Wash. 1987), implicit in a grant of relief from stay is that the movant must establish a legally sufficient basis.

   Additionally, as FDS conceded at the Hearing, the threshold issue on the Cross Motion for stay relief is whether the automatic stay even applies to this case.  The answer to that inquiry lies in whether application of the Reserve is characterized as setoff or recoupment.[8]  A substantial portion of the hearing was dedicated to the characterization issue.  Although FDS argues that recoupment applies, it nevertheless seeks stay relief out of an abundance of caution, and to avoid liability for its unauthorized post-petition application of the Reserve.  FDS's request for stay relief is inextricably intertwined with whether application of the Reserve is a setoff or recoupment, and the Court concluded that discovery was required before any issue in that regard could be decided.  The Court thus carried the matter for 60 days so that the parties

---

[8] The automatic stay applies to setoff but not recoupment.

25

could engage in discovery.  Parenthetically, FDS did not object and fully participated in discovery over the following months.

Therefore, at the Hearing the Court rejected FDS's contentions regarding its view of the automatic stay; determined that FDS was adequately protected; and that no further issues could be determined without discovery and additional evidence. Collectively, these findings fall within the scope of the liberal findings that courts make to continue the automatic stay, and satisfy the reasonable likelihood standard under the statute.

> **b. *FDS's CONTENTION THAT THE COURT DID NOT FIND THAT THE TRUSTEE HAD A REASONABLY LIKELY CHANCE OF DEFEATING FDS's CROSS MOTION FOR STAY RELIEF LACKS MERIT***

The essence of FDS's argument in Section A of its Opening Brief is that the Bankruptcy Court by-passed the requirements under Section 362(e) by not making a finding that the Trustee was reasonably likely to prevail at a final hearing.  That position is belied by the record. As set forth above, the Court made several findings at the Hearing.  As such, Section 362(e) has been satisfied and FDS's appeal should be denied.

FDS refuses to acknowledge that the Court made any findings at the Hearing, let alone findings that the Trustee had a reasonable likelihood of defeating the Cross Motion.  While FDS is not satisfied with the formality and extent of the Court's

findings, that subjective dissatisfaction does not render the Court's findings moot. FDS fails to cite any authority for the proposition that the Court's findings must be written, or contain certain magic words to satisfy the requirements under Section 362(e). Here, the Court was satisfied that there was a basis to carry the Hearing and continue the stay because (i) FDS was adequately protected; (ii) there was a need for further discovery on various factual issues; (iii) it was unclear whether the stay even applied to application of the Reserve; and (iv) if the stay did apply, whether FDS was factually entitled to relief.

FDS's contentions that the Bankruptcy Court violated Section 362(e) on this record must be rejected. The Court did not by-pass the requirements of Section 362(e). Certainly there could be no dispute here had the Court's findings been reduced to writing. But there is no requirement that they must be, nor that a transcript of the hearing is somehow inadequate. Simply because the Court's findings do not suit FDS's subjective standards, there is no reason in law or fact to disturb the Court's Order on appeal. The record below demonstrates that the Court engaged the parties on the issues and considered them fully in carrying the Hearing to allow for discovery. Because FDS ignores the findings that the Court made, there is no

support for its contention that the Section 362(e) requirements were by-passed. As such, FDS's appeal should be denied.

### c.   ALTERNATIVELY, THE COURT'S FINDINGS AT THE PRELIMINARY HEARING WERE ADEQUATE

In its brief, FDS argues alternatively that if the hearing was a "preliminary hearing," the Bankruptcy Court still failed to comply with Section 362(e). For the same reasons stated in Point II, Section b above, FDS's position lacks merit and should be denied.

If the Hearing was a "preliminary hearing" for purposes of Section 362(e), the Court was required to conclude a final hearing within 30 days, unless FDS consented to an adjournment or the Court found compelling circumstances to extend the hearing beyond the 30 day period. See 11 U.S.C. § 362(e)(1). FDS did not consent to the adjournment of the Hearing from July 18, 2012 to September 20, 2012, and contends that there were no compelling circumstances to continue the stay from July 18, 2012 to September 20, 2012.

As an initial matter, FDS asserts that the preliminary hearing date was July 18, 2012, and that August 17, 2012 was the deadline to conclude the final hearing. See Brief, at pg. 20. That is not accurate. The only hearing that occurred on the Cross Motion was the Hearing on March 27, 2012. While that Hearing was adjourned to other dates, including July 18, 2012,

28

no further hearing occurred. FDS erroneously contends that the two telephonic status conferences were "hearings," and that the Court failed to make findings at those hearings in order to continue the automatic stay. In reality, neither of the telephonic status conferences were hearings, in the sense urged by FDS. They were nothing more than informal conference calls to apprise the Court of the parties' progress with discovery and to discuss future hearing dates. The conferences were not entered as hearings on the Court's docket, and neither was conducted on the record. Thus, there is no basis for FDS to suggest that those calls where substantive hearings at which the Trustee could have proffered evidence and/or the Court could have made findings of fact. FDS's contentions regarding the hearing dates is inaccurate and misleading.

Nevertheless, the outcome remains the same. Because the Court made findings at the March 27, 2012 Hearing that enabled it to continue the automatic stay, the requirements of Section 362(e) have been satisfied. There is no statutory requirement concerning the formality and extent of the findings required under the statute. See *supra*, Point II, Section a. That the findings in this case are not to FDS's liking does not mean as a matter of law that the Bankruptcy Court failed to find compelling circumstances to continue the stay. The Court

explicitly found that there were factual issues which precluded granting stay relief to FDS, and that those factual issues mandated discovery and an evidentiary hearing.  Those circumstances were compelling in the Court's view and it thus ordered discovery and scheduled a final hearing for a specific date.

Moreover, there is no reason why the Court's findings from the March 2012 hearing did not remain in full force and effect during the ensuing months when the telephonic status conferences occurred, and more particularly, when the Court entered the subject Order extending the stay to the September 20, 2012 hearing date. FDS fails to address that issue.  Thus, whether the Hearing in March 2012 was preliminary or final, the conclusion remains the same.[9]  The Court made findings sufficient to continue the automatic stay.  FDS's reliance on nothing other than its own dissatisfaction with the form and extent of the

---

[9]  In determining whether the respective hearing was preliminary or final, the Court in In re Wedgewood considered whether the court below issued a preliminary order at the conclusion of the hearing; whether the court scheduled a final hearing; and whether the parties requested that the court schedule a further hearing based upon whether additional evidence was required. See In re Wedgewood, 878 F.2d at 698.  Here the March 2012 hearing was clearly preliminary.  The Court ruled that an evidentiary hearing was required, and for that reason, declined FDS's invitation to rule substantively at the conclusion of the March 2012 hearing; ordered the parties to engage in discovery as to the contested facts; and scheduled a final hearing date.

30

findings is no reason to disturb the Bankruptcy Court's Order. As such, FDS's appeal should be denied.

### POINT III

### FDS's "POLICY" ARGUMENT
### FAILS TO ADVANCE ITS POSITION

In Section C of its brief, FDS asserts a policy argument in an effort to convince this Court that Section 362(e) must be enforced blindly to prevent prejudice to FDS.  In short, FDS contends that this Court cannot, for equitable reasons, ignore the timing requirements of Section 362(e).  In addition to citing the Wedgewood decision in a conclusory fashion for that proposition, FDS also cites three non-biding cases for the conclusion that the Section 362(e) should be enforced as written.

FDS misses the mark.  This appeal is not about whether the statute should be enforced as written.  Instead, the appeal concerns whether the Bankruptcy Court's findings were adequate to continue the stay, and whether FDS waived application of Section 362(e) by failing to raise the issue at all during the nine months after it filed its Cross Motion and by simultaneously seeking the allowance and payment of an administrative expense.

FDS's argument fails to consider its own conduct below, and that both the facts and law amply support a finding of waiver.

31

While the Third Circuit in <u>Wedgewood</u> acknowledged implied waiver under Section 362(e), (although found on the particular facts that it did not apply), FDS simply ignores that proposition. That factor defeats FDS's policy argument in its entirety.  Even the authority upon which FDS relies almost exclusively recognizes explicitly that Section 362(e) must not be enforced blindly when the facts, such as those in this case, point to a movant's waiver of the right for a timely determination.

In fact, the cases cited by FDS in its brief at pages 23-24 for a finding that Section 362(e)'s time constraints were required, are all cases wherein either the Court's inadvertence or an over-crowded docket pushed a preliminary hearing date past the 30 day mark.  Those are the type of cases that Congress had in mind when enacting the Section 362(e) "injunction by inaction."  <u>See</u> <u>In re Looney</u>, 1823 F.2d 788, 792 (4th Cir. 1987). Whereas in this case, the preliminary hearing date was pushed past the 30 day mark by consent of the parties, and the Court continued the stay until the final hearing on the facts presented at that preliminary hearing.

FDS's broad based policy argument is misplaced and fails to advance its position.  As <u>Wedgewood</u> instructs, application of the statute must be considered in light of the facts, which in

this case overwhelmingly demonstrate FDS's waiver of the timing requirements under Section 362(e).

### CONCLUSION

FDS's selective and self-serving presentation of the facts highlights the flaws with its appeal.  Even a cursory review of the transcript from the Hearing reveals that the Bankruptcy Court made findings sufficient to authorize it to continue the hearing, whether it was a preliminary or final hearing.  That FDS would have preferred more formalized and written findings is no basis to disturb the Bankruptcy Court's Order.  FDS fails to cite any relevant and binding authority for its contentions on appeal, and attempts to sway this Court from the relevant facts.  In the final analysis, FDS's appeal should be rejected because the Bankruptcy Court made sufficient findings to continue the automatic stay, and even if it did not do so, by its conduct FDS waived any right to a determination of its Cross Motion within the statutory time period.  It is disingenuous for FDS to ask this Court to blindly impose the timing requirements when FDS did not see fit to assert its rights under Section 362(e) at any point during the nine months after it filed the Cross Motion and when it fully participated in discovery with the Trustee.

In closing, this appeal is about Section 362(e) only on its face.  What really is at issue is FDS's attempt to avoid

consideration of the merits of the Turnover Motion and its Cross Motion by the Bankruptcy Court.  In other words, if FDS can convince the Court to grant it stay relief on a hyper-technical provision, FDS can avoid the characterization issue between setoff and recoupment, and more importantly it can avoid the burden of having to prove an entitlement to stay relief in the first place.  That self-serving position is inequitable and prejudicial to the Debtor, and all of the creditors of the estate.  For these reasons, FDS's appeal should be denied; the Bankruptcy Court's Order dated August 20, 2012 should remain in full force and effect; and FDS's request to apply the Reserve should be denied.

Respectfully submitted,
MELLINGER, SANDERS & KARTZMAN, LLC
Attorneys for Appellant,
Steven P. Kartzman


By: /s/ Steven P. Kartzman
STEVEN P. KARTZMAN

Dated:   January 8, 2013