UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ARTS DES PROVINCES DE FRANCE, INC.,<br><br>Debtor.<br><br>―――――――――――――――――――<br>FIRST DATA SERVICES, LLC,<br><br>Appellant,<br><br>v.<br><br>STEVEN P. KARTZMAN,<br>Chapter 7 Trustee<br><br>Appellee. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Bankruptcy Case No. 11-29111 DHS<br><br>Civil Action No. 2:12-cv-06574 |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on appeal by First Data Services ("FDS" or "Appellant") from an Order entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") on August 20, 2012 scheduling a consolidated evidentiary hearing on the Turnover of Property of the Estate Pursuant to Bankruptcy Code Section 542 (a) ("the Turnover Motion"), Appellant's cross-motion ("the Motion to Lift Stay"), and the contested language of paragraph 3 of the proposed order by the Appellee ("the Trustee"). (Appeal from Bankruptcy Court, Oct. 17, 2012, ECF No. 1). For the reasons stated below, the appeal is **denied**, and the Bankruptcy Court's Order is **affirmed.**

1

I. **BACKGROUND**[1]

FDS, a financial services company, processed credit card sales and provided other services and financial accommodations to the Debtor. The parties' relationship was predicated on Merchant Agreements, which allowed FDS to fund a reserve to protect itself from obligations FDS may have to pay on behalf of the Debtor to third parties, including those arising from fees, costs, expenses, and chargebacks. After periodic increases, by the time of the Petition Date, FDS held a reserve in the amount of approximately $400,000.

On June 23, 2011, the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code ("the Bankruptcy Code") in Bankruptcy Court. Thereafter, Steven P. Kartzman ("the Trustee") was appointed Chapter 7 Trustee to the estate of the Debtor. Subsequently, on September 27, 2011, the Trustee filed the Turnover Motion seeking turnover of the reserve. In response, FDS filed the Motion to Lift Stay objecting to the Turnover Motion and petitioned for relief from the stay so that FDS could assert its contractual rights pursuant to the Merchant Agreements between the two parties. The preliminary hearing on the merits of the Turnover Motion and the Motion to Lift Stay was scheduled for October 18, 2011.

After a series of consensual adjournments, a hearing was conducted on March 27, 2012 in regards to the Turnover Motion and the Motion to Lift Stay. During the hearing, the Court granted the Trustee's petition for additional time for discovery, scheduled the final hearing to continue on May 22, 2012, and ordered the parties to provide the Bankruptcy Court with status report within approximately thirty days. Both parties participated in discovery. At request of FDS, the Bankruptcy Court adjourned the final hearing, initially scheduled for May 22, 2012,

---

[1] The facts set-forth in this Opinion are taken from the parties' statements in their respective moving papers.

until July 18, 2012.

On July 6, 2012, the Bankruptcy Court granted the Trustee's petition for a sixty-day continuance of the July 18, 2012 continued final hearing. FDS objected to this adjournment on the grounds that FDS was entitled to have its Motion to Lift Stay heard on July 18, 2012 under Bankruptcy Code § 362(e)(1). There is a disagreement between the parties as to whether FDS' objection to the sixty-day continuance on July 6, 2012 was FDS' first instance of claiming relief pursuant to § 362(e)(1). Furthermore, FDS objected that the Bankruptcy Court did not make any findings and did not determine that the Trustee had a reasonable likelihood of prevailing in its object to FDS's Motion to Lift Stay or that there were compelling circumstances justifying extension of the stay. In response, the Trustee argues that FDS waived its rights to enforce the time constraint.

On August 20, 2012, FDS objected to paragraph 3 of a proposed order by the Trustee, which provided that "pursuant to Bankruptcy Code Section § 362(e)(1), the automatic stay as to [FDS] shall remain in full force and effect pending the Court's determination of [FDS's] Cross Motion [. . . .]" The Trustee submitted the proposed order to the Bankruptcy Court advising the Bankruptcy Court about FDS' objection. Subsequently, the Bankruptcy Court entered the proposed form of order on August 20, 2012 in the form submitted by the Trustee's counsel. FDS appealed the Order continuing the automatic stay on August 22, 2012.

## II. STANDARD OF REVIEW

This Court has jurisdiction over final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158. A district court applies a clearly erroneous standard to the bankruptcy judge's findings of fact and reviews the bankruptcy judge's legal conclusions *de novo*. See FED. R. BANKR. P. 8013; In re Cohn, 54 F.3d 1108, 1113 (3d Cir. 1995). A factual

finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the definite and firm conviction that a mistake has been committed, even if there is evidence to support the finding. In re Allegheny Int'l, Inc., 333 U.S. 869, 173 (3d. Cir. 1992); (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A district court reviews the bankruptcy court's "exercise of discretion for abuse thereof. Manus Corp. v. NRG Energy, Inc., (In re O'Brien Envtl. Energy, Inc.), 188 F.3d 116, 122 (3d. Cir. 1999). A bankruptcy court abuses its discretion when it's ruling is founded on an error of law or a misapplication of law to the facts. Id.

### III. DISCUSSION

The main issue on appeal is whether the Bankruptcy Court erred in continuing the automatic stay as to FDS in light of § 362(e)(1). The relevant text of § 362(e)(1) is as follows:

> "The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances."

11 U.S.C. § 362(e)(1) (2010).

While facially it is apparent that the automatic stay in this instance exceeded the time constraints of § 362(e)(1), the Bankruptcy Court did not err in continuing the automatic stay as to FDS because FDS acted "inherently inconsistent with adherence to the time constraints of § 362(e)(1); therefore, their actions constituted an implicit waiver of § 362(e)(1). See In re Wedgewood Realty Group, 878 F.2d 693, 699 (3d. Cir. 1989). The court in In re Wedgewood held that a court may continue the automatic stay past the thirty-day period set forth in § 362(e)(1) according to the doctrine of implicit waiver if there exists evidence that a creditor's

4

actions require a delay beyond the time constraints of § 362(e)(1). Id. FDS, pursuant to the standard put forth in In re Wedgewood, implicitly waived its rights under § 362(e)(1) by: (1) cross-moving for a stay of relief and for allowance and payment of an administrative expense; and (2) failing to assert their rights under § 362(e)(1) by participating in discovery and failing to oppose a request for the adjournment of a motion for relief. By acting inconsistently in regards to an adherence to the time constraints of § 362(e)(1), FDS implicitly waived their rights under § 362(e)(1); therefore, the Bankruptcy Court did not err in continuing the automatic stay as to FDS.

### A. Implied Waiver

The court first turns to the common law interpretation of what constitutes an implicit waiver. This definition is predicated on the interpretation found in In re Wedgewood wherein the Third Circuit held that the submission of two letters after the preliminary hearing by the creditor did not constitute an implied waiver of § 362(e)(1). See In re Wedgewood Realty Group, 878 F.2d 693, 699 (3d. Cir. 1989); Borg–Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982) (finding implied waiver where creditor not only failed to object to the absence of preliminary hearing but also attended the final hearing beyond thirty day period without objection); In re McNeely, 51 B.R. 816, 821 (Bankr. D. Utah 1985) (recognizing implied waiver where creditor failed to schedule final hearing within thirty day period); In re Small, 38 B.R. 143, 147 (Bankr. D. Md. 1984) (determining an implied waiver of thirty day requirement where creditor filed discovery request to which responses were due beyond the thirty day period); In re Wilmette Partners, 34 B.R. 958, 961 (Bankr. N.D. Ill. 1983) (noting an implied waiver where creditor agreed to continuance of preliminary hearing beyond thirty day time period). The Third Circuit has thus recognized that an implicit waiver occurs when the creditor

5

acts inconsistent with the rights promised to him under § 362(e)(1). In re Wedgewood Realty Group, 878 F.2d at 698.

## B. FDS' Actions Inconsistent to the Statutory Rights Afforded Under § 362(e)(1)

The court now examines FDS' actions that may be found to constitute an implicit waiver of § 362(e)(1). The Trustee argues and this court finds that FDS implicitly waived its rights under § 362(e)(1) by: (1) cross-moving for a stay of relief and for allowance and payment of an administrative expense and (2) failing to assert their rights under § 362(e)(1) by participating in discovery and failing to oppose a request for the adjournment of a motion for relief.

### 1. Cross-Motion for a Stay of Relief and for Allowance and Payment of an Administrative Expense

FDS implicitly waived their rights to enforce the time constraints of § 362(e)(1) by cross-moving for a stay of relief and for allowance and payment of administrative expense. The Bankruptcy Court sitting in the District of Maryland has found an implicit waiver of the right to enforce § 362(e)(1) when a creditor seeks not only a relief from an automatic stay, but also alternative reliefs, in a single, combined motion. In re Small, 38 B.R. 143, 147 (Bankr. D. Md. 1984). In re Small is analogous to this case because in both instances the creditors, seeking additional relief from the Bankruptcy Court, added alternative measures for relief into their motion for relief from the automatic stay. By seeking the allowance and payment of an administrative expense, in conjunction with the motion for relief from the automatic stay, FDS acted inconsistent with the time constraints of § 362(e)(1) because the alternative actions for relief constitute a delay of the time constraints. FDS' attempt to recover alternative measures signifies a conscious acknowledgement and disregard for the time constraints of § 362(e)(1). Therefore, by seeking the allowance and payment of an administrative expense on top of the relief from the automatic stay, FDS delayed the possibility of the Bankruptcy Court enforcing the

time constraints. This conscious delay by FDS constitutes an implicit waiver of its rights under § 362(e)(1).

### 2. Participation in Discovery and Failure to Oppose a Request for the Adjournment of a Motion for Relief

FDS failed to enforce its rights under § 362(e)(1) on the account of two procedural issues that occurred during the Bankruptcy Court proceedings. A creditor must "insist on his rights" under § 362(e)(1); otherwise, an act or omission inconsistent with the statutory rights of § 362(e)(1) may constitute an implicit waiver. In re Wedgewood, 878 F.2d 693, 699 (3d. Cir. 1989). FDS falls short of the standard established by In re Wedgewood through participation in discovery and a failure to oppose a request for the adjournment of a motion for relief.

FDS' participation in discovery is evident of their failure to assert their statutory rights under § 362(e)(1). A creditor, who participates in discovery that extends beyond the thirty-day period of § 362(e)(1) may implicitly waive his right to enforce the time constraints of § 362(e)(1). In re Small, 38 B.R. at 147 (citing Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306 (11th Cir. 1982)). As both FDS and the Trustee state in their briefs, FDS participated in discovery that extended beyond the thirty-day period of § 362(e)(1). By doing so, FDS implicitly waived their rights to enforce the statutory time constraints provided for in § 362(e)(1).

FDS further failed to assert the protection of § 362(e)(1) by failing to oppose a request by the Trustee for the adjournment of a motion for relief. The Bankruptcy Court has recognized a failure to assert statutorily granted rights pursuant to § 362(e)(1), and subsequently an implicit waiver, when a creditor agrees to or fails to oppose a hearing that is inconsistent with the thirty-day period of § 362(e)(1). See Borg-Warner Acceptance Corp., 685 F.2d at 1308; In re McNeely, 51 B.R. 816, 821 (Bankr. D. Utah 1985). As both parties agree in their briefs, FDS

consensually agreed to an adjournment of the October 11, 2011 meeting. The October 11 meeting was scheduled within the thirty-day time frame of § 362(e)(1). By agreeing to an adjournment, FDS failed to assert to the statutorily granted rights of § 362(e)(1). Therefore, FDS cannot be considered to have asserted their rights under § 362(e)(1) and thus implicitly waived the time constraints set forth therein.

IV. CONCLUSION

Based on the foregoing, the Bankruptcy Court was correct in its application of law to the facts in this case. Therefore, the Appeal is **denied**, and the Bankruptcy Court's Order is **affirmed**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

DATE: JUNE 12, 2013
Original: Clerk's Office
Cc: All Counsel of Record
File